nothing to indicate in the slightest manner what the quotation therefor was.

All the collective exhibits heretofore referred to were admitted in evidence over the strenuous objection of counsel for the appellant by Judge Kincheloe, who heard this case in the absence of the writer of this decision. Since, as heretofore pointed out, these collective exhibits appear to establish nothing, the error, if any, in admitting them in evidence, is harmless, or without injury.

Counsel for the Government also offered in evidence three consular invoices together with three "Summary of Examination and Appraisement," showing the sale of certain Pamana hats by A. Aristizabal & Co. to Henry Pollak, Inc. On proper objection these papers were refused admission in evidence, and I find no error in such a ruling. These papers were marked Collective Exhibits 3–A, 4–A, and 5–A for identification. The dates of the invoices are January 14, 1937, December 30, 1936, and January 28, 1937, all within the period of the height of the season for this merchandise when the prices are the highest. Any difference in the prices shown on these invoices, Collective Exhibits 3–A, 4–A, and 5–A, and the prices shown on the invoices in this case, might well be taken care of by the fact that the prices for such hats in the latter part of February and during March, which was the period when the shipment in this case was made, are necessarily lower because there is not the same demand for such merchandise after the latter part of February.

After a careful consideration of all the evidence before me, including the oral testimony of the witnesses, as well as the documentary evidence, I find from the weight thereof that the proper dutiable export values of the merchandise covered by this appeal are the entered values. Judgment will be rendered accordingly.

FRED A. BALISH & BRO. ET AL. v. UNITED STATES

No. 4868.—Invoices dated Shanghai, China, August 22, 1938, etc.
Entered at New York September 22, 1938, etc.
Entry No. 733097, etc.

(Decided April 11, 1940)

*Siegel & Mandell* for the plaintiffs.
*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

TILSON, Judge: The appeals listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon a stipulation to the effect that the prices, at the dates of exportation of

the involved merchandise, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of China for export to the United States, in usual wholesale quantities and in the ordinary course of trade, including all costs, charges, and expenses specified in section 402 (d) of the Tariff Act of 1930, are the appraised values, less any amount added under duress.

On the agreed facts I find and hold the proper dutiable export values of the merchandise covered by said appeals to be the values found by the appraiser, less any amount added under duress. Judgment will be rendered accordingly.

## W. N. Proctor Co. v. United States

No. 4869.—Invoices dated Jonkoping, Sweden, April 11, 21, 1938; Grycksbo, Sweden, July 5, 1939.
Certified April 14, 23, 1938; July 7, 1939.
Entered at Boston, Mass., April 27, May 21, 1938, July 27, 1939.
Entry Nos. 13139, 13886, 1087.

### (Decided April 12, 1940)

*Morris W. Burckard* for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

KINCHELOE, Judge: These appeals to reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto.

It is *Stipulated* and *Agreed* by and between counsel as follows:

That the issue involved in the above mentioned reappraisement appeals is the same in all material respects as the issue involved in the case of "Arkell Safety Bag Co." vs. United States, Reappraisement Decision No. 4670, decided Nov. 3, 1939.

That the market value or price at the time of exportation of the merchandise involved herein, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Sweden, for exportation to the United States, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States is as follows:

Reappraisement #127107–A Entry #13139—April 27, 1938
*S/S "Vingaren"*

Shipper: Munksjo Aktie Bolag, Jonkoping, Sweden
*Unglazed Kraft Paper (Brown)*
Jumbo rolls: 43787#—$3.15 per 100# less 2% Cif Boston
Less Inland and Ocean Freight, Insurance & Dock Dues as specified on invoice